Filed 6/9/25  P. v. Walker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON MORGAN WALKER,<br><br>    Defendant and Appellant. | D083602<br><br><br>(Super. Ct. No. JCF004191) |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Aaron Walker entered into a stipulated plea agreement with the prosecution.  Before sentencing, he moved to withdraw his plea, claiming his codefendant pressured him to take the deal.  After a lengthy hearing, the trial court denied the motion and imposed the agreed-upon two year term.

Walker's appellate counsel filed a brief stating no arguable issues can be found. (See generally *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) We have independently reviewed the record in this case and agree there are no reasonably arguable issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, Walker was returning inside from the prison yard when he triggered a metal detector. A corrections officer instructed Walker to empty his pockets. Walker removed a sealed envelope from his shirt pocket, and the officer notice "something round" in the corner of the envelope. With Walker's permission, the officer opened the envelope and found a bindle of heroin inside. The officer proceeded to search Walker's cell, which he shared with Timothy Mack, and discovered four additional bindles of heroin on Walker's bunk, as well as pay-owe sheets in a wallet belonging to Mack.[1]

In March 2022, the prosecution filed an Information charging Walker and Mack with bringing contraband into prison (Pen. Code,[2] § 4573, subd. (a); count 1) and possessing heroin in prison (§ 4573.6, subd. (a); count 2). It was further alleged that Walker suffered two prior strikes.

One month later, Walker entered into a stipulated plea agreement, in which he would plead no contest to the possession charge in exchange for the low term of two years in prison, consecutive to the term he was already serving, as well as dismissal of the remaining charge and allegations against

---

[1] These facts are taken from the preliminary hearing transcript. Walker stipulated that incident reports and the preliminary hearing transcript provided a factual basis for his plea.

[2] Further undesignated statutory references are to the Penal Code.

him.  It was also understood that this was a "package deal," meaning the case against Mack would be dismissed.

On his plea form, Walker initialed the paragraph stating he was entering his plea freely and voluntarily, without fear or threat to him or anyone closely related to him.  During the change of plea hearing, he confirmed that he had enough time to speak with his attorney, and that no one had pressured or threatened him.  In light of the package deal, the trial court specifically asked whether Mack had pressured, threatened, or coerced Walker to plead.  Walker denied any such thing and agreed that pleading was in his best interest.  The court ultimately accepted Walker's no contest plea, finding it was freely and voluntarily made, without outside pressure from anyone, including Mack.

When the parties appeared for sentencing in July 2022, Walker's plea counsel advised the court that Walker wished to withdraw his plea.  Because the motion was based in part on ineffective assistance of counsel, the court appointed alternate counsel to investigate the motion and continued the proceedings.  Alternate counsel filed the motion in August 2023.  The motion contended that Mack coerced Walker into pleading no contest, and that plea counsel rendered ineffective assistance by advising Walker in front of Mack about the "package deal."

In a declaration supporting the motion, Walker explained that Mack was "a person of 'influence' " in prison.  After the drugs were found, Mack immediately began urging Walker to take the blame.  When he refused, Mack called upon "one of the major shot callers" in prison to put the pressure on. Soon thereafter, Walker was attacked from behind with a rock.  Then, after they were arraigned on the Information, Walker's plea counsel "made a statement, in front of Mack, who overheard it," that the prosecution was

3

making an offer "too good to refuse" in which Walker would serve two more years in prison and Mack's case would be dismissed. Walker claimed that counsel's words fueled further threats from Mack and his associates. Walker ultimately pleaded because he feared for his safety. He maintained his innocence, claiming he was delivering the envelope for another inmate but did not know what was inside, and he had nothing to do with the drugs found in his cell.

Walker testified at a hearing on the motion and confirmed the veracity of his declaration. On cross-examination, he acknowledged that he never told the trial court that Mack was threatening him. He claimed that he denied that Mack was pressuring him during the change of plea hearing because Mack was present in court at that time. In response to questions from the court, Walker conceded that he did not tell his plea counsel that Mack was threatening him until the parties appeared for sentencing. He felt that counsel was not on his side and just wanted him to take the plea deal. The court then continued the hearing to give plea counsel a chance to share his perspective.

At the continued hearing, plea counsel recalled going over the plea form with Walker. The experience stood out because Walker was very smart and asked "intellectual, philosophical questions about" the form. Regarding the line that states the defendant is entering his plea freely and voluntarily, counsel recalled that Walker "was confident and fearless when we went over that line." Walker scoffed at the idea that anyone could intimidate him. Counsel confirmed that Walker never mentioned any threats or attacks and never requested a private conversation. Walker was "fearless" and counsel "never for an instant thought that he was being intimidated by anybody."

Counsel further explained that he discussed possible defenses with Walker, but they did not come up with a viable defense to the possession charge, since the heroin was taken right from his pocket. Given the circumstances, counsel maintained that the two year offer with dismissal of the strike allegations was the best outcome Walker could expect. He admitted that he discussed the package deal with Walker in front of Mack, but the terms of the offer had just been explained in open court in Mack's presence. Counsel advised Walker that the deal was in his best interest, but it was ultimately his decision.

The trial court denied the motion to withdraw the plea. The court did not believe that plea counsel rendered ineffective assistance. In the court's view, counsel reasonably determined that Walker could not expect a good outcome at trial, so it was better to focus on mitigating his sentence. The court found that Walker was essentially experiencing "buyer's remorse." It noted that Walker could have simply asked plea counsel or the court for more time before entering his plea in order to safely communicate the threats he faced, if that were the case. At the time of the change of plea hearing, when the court asked Walker multiple times whether he was under pressure, he unequivocally said no.

Pursuant to the plea agreement, the court then sentenced Walker to the low term of two years in prison, consecutive to the term he was currently serving. Walker filed a timely notice of appeal, and the court granted him a certificate of probable cause.

## DISCUSSION

Appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 indicating that she identified no reasonably arguable issues for reversal on appeal. She has asked this court to review the

5

entire record as mandated by *Wende*. We offered Walker the opportunity to file a supplemental brief on his own behalf. He requested two extensions of time, both of which were granted, but ultimately did not submit a brief.

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues. The trial court essentially faced two versions of events. On one hand, there was Walker's unequivocal denial that anyone, including Mack, was pressuring him at the time of the plea, which was supported by plea counsel's hearing testimony. On the other hand, there was Walker's after-the-fact account of threats and attacks that caused him to plead. The court was permitted to believe the former over the latter, and this is a factual finding we cannot second guess on appeal. (See *In re Caden C.* (2021) 11 Cal.5th 614, 640 ["In reviewing factual determinations for substantial evidence, a reviewing court should 'not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts.' "].)

Competent counsel represented Walker on this appeal.

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

6